UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Ryan Geddes,
    Petitioner,
    v.

United States of America,
    Respondent.

Civil No. 3:17cv1276 (JBA)

ORDER DENYING MOTION FOR RELEASE [DOC. # 3]

Ryan Geddes seeks release from custody on his sentence imposed March 16, 2016 pending resolution of his amended § 2255 petition. ([Doc. ## 3, 8-2].) Petitioner bases his motion on his view that the Court lacked subject matter jurisdiction over Count One—to which Defendant pled guilty—and his related claim of constitutionally ineffective assistance of counsel for not advising him that Count One did not allege a federal crime because the named financial institution was not federally regulated. Petitioner further challenges his conviction on Count Seven but not Count Three to which he also pled guilty.

To qualify for release pending ruling on his pending habeas petition, Mr. Geddes must show both a substantial constitutional claim on which he is likely to succeed and the existence of extraordinary circumstances showing that release is necessary to preserve his habeas remedy, *Grune v. Coughlin*, 913 F.2d 41 (2d Cir. 1990). Neither has been shown. On Petitioner's direct appeal on Count One only, the Second Circuit held that because "[t]he indictment charged all of the statutory elements of conspiracy to commit bank fraud, . . . [this] [C]ourt had subject matter

jurisdiction over Count One[,]" and that accordingly, Geddes "has not demonstrated that the waiver of his appellate rights is unenforceable . . . ." Mr. Geddes raised no sufficiency challenge to Count One in his direct appeal. Thus, Mr. Geddes has not shown likelihood of success of his petition on Count One. While his Amended Petition adds an ineffective assistance claim, the Respondent maintains that this is Petitioner's effort to subvert the procedural bar on this claim. Given the delay in amending his petition, the fact Petitioner was represented by counsel on appeal and the guilty plea colloquy, the court concludes that Petitioner fails to show a high likelihood of success. Moreover, because his sentence was concurrently imposed on all three counts, any success on Count One or Count Seven would not result in any change in the sentence Mr. Geddes is serving, such that Mr. Geddes cannot show extraordinary circumstances that require his release.

Accordingly, Mr. Geddes's Motion for Release on Bond Pending Adjudication of Motion for Relief Pursuant to 28 U.S.C. § 2255 [Doc #3] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: May 31, 2018