UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| RYAN GEDDES, | |
|---|---|
| *Petitioner,* | Civil No. 3:17-cv-1276 (JBA) |
| *v.* | June 29, 2018 |
| UNITED STATES OF AMERICA, | |
| *Respondent.* | |

**RULING ON AMENDED MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Ryan Geddes, Petitioner, moves to vacate his conviction and sentence on two counts pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion is DENIED.

**I.     Background**

On April 28, 2015, Petitioner pled guilty to Count One of the Indictment charging Conspiracy to Commit Bank Fraud in relation to mortgage applications, in violation of 18 U.S.C. § 1349; to Count Three charging Conspiracy to Commit Mail and Wire Fraud in relation to title insurance, in violation of 18 U.S.C. §1349; and to Count Seven charging Conspiracy to Commit Mail and Wire Fraud in relation to bankruptcy creditors, in violation of 18 U.S.C. §1349. On April 11, 2016, Petitioner appealed his conviction to the Second Circuit, arguing that this Court lacked subject matter jurisdiction over Count One of the Indictment. In his direct appeal, Petitioner contended that because one of the two banks in question was not insured by the Federal Deposit Insurance Company or chartered by the United States, it was not a violation of federal law to conspire to defraud it. Petitioner argued that despite the fact that he agreed in his plea agreement

not to appeal or collaterally attack his conviction in any court, that agreement did not, and could not, waive the Court's lack of jurisdiction over Count One. The direct appeal did not dispute the facts or jurisdiction with respect to Counts Three or Seven.

On April 28, 2017, the Second Circuit found that Petitioner's direct appeal was barred by the waiver of appellate rights contained in his plea agreement and guilty plea and dismissed the appeal. The Second Circuit held that Petitioner "has not demonstrated that the waiver of his appellate rights is unenforceable under *United States v. Gomez-Perez*, 215, F.3d 315, 319 (2d Cir. 2000)[,]" and that because "[t]he indictment charged all of the statutory elements of conspiracy to commit bank fraud, . . . the district court had subject matter jurisdiction over Count One." *US v. Geddes*, No. 16-1138 (2d Cir. April 28, 2017) (citing *United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014)).

On July 31, 2017, Petitioner filed his First § 2255 Motion, requesting that the Court vacate the judgment and sentence in his criminal case on the basis that his "guilty plea was the result of ineffective assistance of counsel . . . and the result of violation of his Fifth and Sixth Amendment rights to procedural and substantive . . . due process and to be charged and sentenced by a Court with proper subject matter jurisidiction [sic] to enter the judgment." ([Doc. # 1].) Petitioner identified two grounds for relief: the claimed lack of subject matter jurisdiction on Count One, and ineffective assistance of counsel.

After the Government responded to Petitioner's First § 2255 Motion, Petitioner filed an Amended § 2255 Motion accompanied by a Motion to Amend. ([Doc. #8].) After the Government opposed the Amended § 2255 Motion, substantively addressing the contents of the amended petition, the Court granted Petitioner's Motion to Amend, ([Doc. # 13]), and now focuses upon Petitioner's Amended § 2255 Motion.

2

Petitioner's Amended § 2255 Motion incorporates his First § 2255 Motion while also "seeking to extend the ineffective assistance arguments to cover the execution of the plea agreement . . . and to Count Seven . . . ." ([Doc. # 8-2] at 1.) Petitioner claims, in effect, that he received ineffective assistance of counsel at the plea negotiation stage because of his counsel's failure to recognize the insufficiency of evidence to sustain his conviction on Counts One and Seven. (*Id.* at 1-2.) Petitioner does not challenge his conviction on Count Three.

## II. Discussion

The Government argues that Petitioner waived his right to challenge his conviction, and that he is procedurally barred from collaterally challenging his conviction because he failed to raise these grounds on direct appeal.

Petitioner's plea agreement explicitly waives his right to collaterally attack his conviction, with the exception of claims of ineffective assistance of counsel. And "[i]n general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal. . . . An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) (citations omitted).

While Petitioner styles his Amended § 2255 Motion as based upon claims of ineffective assistance of counsel, Petitioner does not credibly identify any specific actions his counsel took or failed to take, or any decisions that his counsel made, that constitute constitutionally ineffective assistance of counsel, or that prejudiced Petitioner. Rather, the record and Petitioner's own arguments in his Amended § 2255 Motion reveal that the gravamen of his complaint is with the sufficiency of the evidence that could have been used to convict Petitioner at trial.

In his Amended § 2255 Motion, Petitioner argues with respect to Count Seven that "the sentencing transcript, the defects in the plea process, and the incomplete presentation of facts by the Government . . . fail[] to make out a crime when taken in context with the allegations in the Counts and the Petitioner's colloquy . . . ." (Am. Mot. at 1.) Petitioner further argues that *"there was no factual basis for the plea,"* and that "there were no actual probative material facts to support the conspiracy" charge. (*Id.* at 2 (emphasis added).) Similarly, Petitioner argues that "his plea to Count Seven was tainted and [not] supported by any evidence . . . the available evidence did not establish guilt . . . ." (First Am. Mem. Supp. Mot Relief [Doc. # 8-1] at 2.) Petitioner also contends that he "was coerced into [the] plea agreement," (Am. Mot. at 3), and that he pled "guilty to what he thought was a favorable plea agreement . . . while maintaining innocen[c]e on Counts One and Seven[,]" (First Am. Mem. Supp. Mot. Relief at 3).

With respect to Count One, Petitioner recites his previous argument on subject matter jurisdiction, which has already been rejected by the Court of Appeals, and also argues that he received ineffective assistance of counsel because his attorney failed "to explain the gaps [between the indictment and the evidence] before Petitioner entered into a plea agreement[.]" (First Am. Mem. Supp. Mot. Relief at 4.) Petitioner argues that his counsel "made no effort to challenge the sufficiency of the indictment" and coerced him into entering into a plea agreement in a "defective" plea process. (*Id.*)

Petitioner's vague contention that he was coerced into the plea agreement that he entered into lacks credibility, given his sworn statements at the change of plea hearing. The hearing took place on April 28, 2015. The Court asked Petitioner whether he "had any difficulty in communicating with [counsel] for any reason[,]" to which Petitioner answered "[n]o." (Ex. B (Change of Plea Hearing Tr.) to Resp.'s Opp'n to Am. § 2255 Motion [Doc. # 11-2] at 6:9-12.)

4

Petitioner told the Court that he had had sufficient opportunity and enough information to discuss the case meaningfully with his attorney, and that he was "very satisfied" with counsel's advice and representation. (*Id.* at 10:7-19.) The Court instructed Petitioner that "even if you're guilty, you don't have to plead guilty" because "it's the government's burden to prove the guilt of a defendant that it charges beyond a reasonable doubt[,]" a distinction that Petitioner told the Court he understood. (*Id.* at 11:1-11.) The Court informed Petitioner that "even if you're guilty, you have a choice" as to whether to plead guilty or to hold the Government to its burden at trial, which Petitioner told the Court he understood. (*Id.* at 12:3-14.) Petitioner told the Court that he had read the plea agreement, that he had discussed it with counsel, and that he understood it. (*Id.* at 18:3-11.)

After counsel for the Government summarized the plea agreement orally to the Court, Petitioner stated that the plea agreement fully and accurately reflected his understanding of the agreement into which he had entered. (*Id.* at 29:4-9.) Petitioner further stated (1) that no government official made any promises to him that had not been put down in writing, (2) that other than the promises contained in the written agreement, no one made any promises to him that had caused him to plead guilty, and (3) that no one made any threats or intimidated him in any way that had caused him to plead guilty. (*Id.* at 30:3-12.)

When the Court advised Petitioner of his waiver of defenses based on statute of limitations, Petitioner specifically asked the Court for clarification, which the Court provided, to Petitioner's apparent satisfaction, indicating that Petitioner understood that he could ask questions about the scope of the waiver of rights into which he was entering. (*See id.* at 30:22-31:10.) At the Court's request, Petitioner described his own understanding of the counts he was charged with and the factual basis for his plea, to the Court's satisfaction. (*See id.* at 41:23-57:11.)

5

At the Court's request, the Government summarized what conduct it claimed was done by or with the knowledge of Petitioner that showed his guilt on the three counts, "just so that we're crystal clear on exactly what the unlawful activity is claimed to be that the government believes it could prove if it goes to trial." (*Id.* at 57:12-22.) The Court instructed Petitioner: "I want you to listen carefully, Mr. Geddes, because if there's something you disagree with, or there's some detail that you are not in agreement with, I'm going to let you tell me. Otherwise, I'm going to ask you whether you are in agreement with the description of what the government claims you did that shows your guilt of these three counts." (*Id.* at 57:23-58:5.) Petitioner stated that he understood. (*Id.* at 58:6-7.)

After hearing the Government's summary of the criminal conduct at issue, Petitioner stated that he agreed with the government's summary, except that he denied having any knowledge or having taken any action with respect to an alleged arson. (*Id.* at 70:2-23.) The parties agreed that, "even if the insurance proceeds were sought to be obtained lawfully"—meaning even in the absence of any knowledge or participation in arson by Petitioner—"the fraudulent scheme remained because it was for the purpose of putting either property itself, or its value represented by insurance proceeds, beyond the reach of [Petitioner's] creditors." (*Id.* at 71:3-21.)

Finally, Petitioner attested that he had read and discussed with counsel his petition to enter a guilty plea. (*Id.* at 71:22-72:1.) After Petitioner pleaded guilty to all three counts, the Court found

> on the basis of the petition . . . based on [Petitioner's] answers that he has given while under oath, on the record and in the presence of his attorney, to the Court's questions, based on the remarks of defense counsel and those of the Assistant US Attorney, after a long allocution . . . that not only is [Petitioner] competent to plead . . . that there is . . . a factual basis for each of [Petitioner's] pleas to Count 1, 3 and 7 . . . and that he has entered these pleas knowingly and intelligently and of his own free will.

6

(*Id.* at 73:24-74:22.)

The fact that an ineffective assistance of counsel claim under 28 U.S.C. § 2255 may also be cognizable as a sufficiency of the evidence claim does not, of course, *per se* prevent a habeas petitioner from choosing to proceed on an ineffective assistance of counsel theory. Here, however, Petitioner presents no evidence suggesting that his counsel provided ineffective assistance and no basis for an evidentiary hearing. Petitioner asserts throughout his Amended § 2255 Motion and supporting Memorandum that his conviction is tainted not because his counsel took or failed to take any particular action but instead because the evidence did not support his guilty plea. Petitioner's efforts to style his claim as one for ineffective assistance of counsel is further undermined by the fact that he does not appear to contend that the material facts to which he admitted on the record—which the Court found to be a sufficient factual basis for the guilty plea that was entered—were in fact untrue. And to the extent that Petitioner claims that his attorney coerced him into making certain (unspecified) statements on the record at his change of plea hearing, the Court does not find this claim credible, among other reasons given the fact that Petitioner asked the Court for clarification on one point regarding the scope of his waiver and also told the Court that he disagreed with one part of the Government's factual summary. This question and this statement by Petitioner indicate that he was not simply agreeing to everything that was said without regard to whether or not he understood it or believed it to be true.

Having concluded that Petitioner brings only a claim for sufficiency of the evidence, and not an ineffective assistance of counsel claim,[1] the Court holds that Petitioner is barred from

---

[1] Even to the extent that Petitioner can be said to have brought an ineffective assistance of counsel claim—which would not be barred by waiver or the procedural default rule—the Court finds that Petitioner's claim fails on the merits, given Petitioner's failure to show that his "counsel's

bringing this collateral attack for two independent reasons: first, because Petitioner validly waived the right to collaterally attack the validity of his conviction on this ground, (Change of Plea Hearing Tr. at 26:19-27:5, 29:4-9), and second, because Petitioner has procedurally defaulted by failing to raise this claim on direct appeal. Petitioner does not argue actual innocence and fails to establish cause for the procedural default. In his direct appeal, Petitioner did not challenge his conviction on Count Seven or raise challenge to Count One other than the argument that the Court lacked subject matter jurisdiction over Count One, an argument that the Court of Appeals rejected on the

---

representation . . . f[e]ll 'below an objective standard of reasonableness,' and [that] there [is] 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' " *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010) (internal citation omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Among other factors, the Court has considered and finds unavailing Petitioner's argument, underlying his claims—whether styled as sufficiency of the evidence or ineffective assistance of counsel—that the conduct he admitted to at his change of plea hearing was inadequate to establish his criminal liability for Counts One and Seven. With respect to Count One, Petitioner stated that he "basically had Tom buy the house, and I paid him rent to the house until I moved and built another one. And on the mortgage, I don't know if it was the mortgage application or the HUD, he was supposed to bring cash; but it was a second mortgage. And the second mortgage didn't exist, so one was made up. And I participated in that as well." (Change of Plea Tr. at 45:2-11.) Petitioner clarified that "the second mortgage in essence would never be paid, because it was given back to an LLC that I owned. So it was to take care of the down payment." (*Id.* at 45:17-20.) With respect to Count Seven, Petitioner stated that he agreed that he had intentionally joined a scheme to fraudulently transfer property, knowing its unlawful purpose of seeking to conceal that property from his creditors and had done so voluntarily and not unwittingly. (*Id.* at 56:14-57:11.) And with respect to both Counts, Petitioner stated on the record that he agreed with the Government's summary of the facts supporting his guilty plea, with the exception of the arson issued discussed above. Because Petitioner has not established that he has a plausible claim of ineffective assistance of counsel or identified any available sources of evidence that would help establish the same, the Court finds that a hearing on this claim is not warranted. *See Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

8

merits,[2] and which binds the Court under the mandate rule. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) ("the so-called mandate rule bars re-litigation of issues already decided on direct appeal." (citations omitted)).

Accordingly, this Court cannot grant Petitioner the relief he seeks.

**III.    Conclusion**

For the reasons set forth above, Petitioner's Amended § 2255 Motion (including its incorporation of Petitioner's original § 2255 Motion) is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 29th day of June 2018.

---

[2] While Petitioner argues that the Court of Appeals dismissed his "direct appeal without any adjudication on the merits based on the appeal waiver," (First Am. Mem. Supp. Mot. Relief at 9), the Court of Appeals in fact held, in addition to its holding on waiver, that because "[t]he indictment charged all of the statutory elements of conspiracy to commit bank fraud, . . . the district court had subject matter jurisdiction over Count One." *US v. Geddes*, No. 16-1138 (2d Cir. April 28, 2017) (citing *United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014)).

9